[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By complaint dated September 16, 1999 the plaintiff, Gladys Zevallos commenced this action seeking a dissolution of marriage on the grounds of irretrievable breakdown and other relief. The defendant appeared through counsel and filed a cross-complaint dated October 14, 1999. Both parties appeared on October 16 and December 8, 2000 and the plaintiff proceeded on her complaint.
The plaintiff, whose maiden name was Gladys Grados, married the defendant on May 7, 1994 in Hartford, Connecticut. She has resided continuously in the State of Connecticut for at least 12 months next preceding the filing of the complaint. All statutory stays have expired. The parties have one (1) child issue of the marriage, Katie Pamela Zevallos born November 16, 1995. No other children have been born to the plaintiff since the date of the marriage. The court further finds that the plaintiff has been a recipient of assistance from the State of CT Page 15337 Connecticut.
The plaintiff is 38 years of age. Her health is generally good but specific problems will be discussed elsewhere in this decision. She was born in Peru and has been in the United States for 13 years. She is a permanent resident. The parties separated in August, 1999. The plaintiff lives with the parties minor child. She has difficulty with the English language. Her education is limited to high school. She has been employed full-time during most of the marriage, specifically at Anderson Labs and ATT. Her hourly wages at Anderson was $10.50. Because of a claim for an injury to her left shoulder she was employed part-time for the Town of West Hartford for the past four months working 20 hours per week at an hourly rate of $8.44. She recently started a second part-time job working 20 hours per week for Family Home Services as a companion to the elderly. The court finds that the plaintiff is capable of full-time employment and her earning capacity is $10.50 per hour for a weekly gross income of $420.00.
The defendant is 41 years of age and in good health. He has a high school education and is able to speak and write the English language. For the past several years he has been employed as an assistant manager for the Brian Thomas Candy Company. His current gross income is $707.77 per week.
The marriage of the parties was very turbulent. There were episodes of physical abuse by both parties. There were periods when the parties were separated. In the summer of 1999, after a heated argument the defendant pushed the plaintiff to the floor. As a result she sustained an injury to the left shoulder. However, the extent of the plaintiff's injury is speculative. Her testimony was at times vague and inconsistent. The course of medical treatment was sporadic and related at times to problems other than her left shoulder. She is now able to work full-time based on her total current hours of 40 per week. The court finds that both parties were equally responsible for the breakdown of the marriage.
The court has considered all of the statutory factors concerning custody and visitation set out in Connecticut General Statutes §§46b-56, 46b-56a and 46b-59. The court has further considered all of the factors in CGS 46b-81, 46b-82 46b-89 and 46b-62 and other pertinent statutes, earnings and earning capacity differentials, causes for the breakdown of the marriage and the consequences of the financial orders set forth below. Judgment shall enter dissolving the marriage of the parties on the grounds of irretrievable breakdown. It is further ordered that:
1. CUSTODY. The parties shall have joint custody of the minor child, CT Page 15338 Katie Pamela Zevallos, born November 16, 1995. The primary residence of the child shall be with the plaintiff mother.
2. PARENTING PLAN SCHEDULE.
A. The defendant father shall visit with the child every Sunday from 10:00 a.m. until 6:00 p.m. The father shall pick up and drop off the minor child at the mother's home.
B. Mother's Day and Father's Day. The child shall be with mother on Mother's day and with father on Father's day.
C. The parties shall alternate yearly the following major holidays:
1. New Year's Day (10:00 a.m. to 7:30 p.m.);
ii. Easter (10:00 a.m. to 7:30 p.m.);
iii. Thanksgiving Day (10:00 a.m. to 7:30 p.m.);
iv. Day after Thanksgiving (10:00 a.m. to 7:30 p.m.);
v. Christmas Eve (3:00 p.m. to 9:00 p.m.); and
vi. Christmas Day (10:00 a.m. to 7:30 p.m.).
D. In all odd years, Mother will spend New Year's Day, the day after Thanksgiving and Christmas Day with the minor child, and in even years the Father shall spend these holidays with the child.
E. In all even years, Mother shall spend Easter, Thanksgiving Day and Christmas Eve with the minor child, and in odd years the Father shall spend these holidays with the child.
F. Each party shall be entitled to spend two consecutive weeks each year with the minor child. The parties shall give each other thirty days notice of the two weeks that each proposes to spend with the minor child. The parties shall make every effort to schedule this visit during the child's school vacations. The parties agree to provide written permission to the other parent to travel with the minor child to Peru for a two week visit.
3. CHILD SUPPORT. The defendant shall pay child support, by immediate wage withholding, in accordance with the Child Support Guidelines of the State of Connecticut taking into consideration the defendant's obligation for the payment of child support for two children from a previous CT Page 15339 marriage. The plaintiff shall include alimony in her gross income for child support purposes and the defendant shall deduct it from his gross income. Payments shall be payable to the plaintiff or the State of Connecticut as their interests may appear.
4. MEDICAL INSURANCE. The defendant shall provide such medical insurance for the child as is available to him at his place of employment. If the defendant is unable to provide medical insurance, the plaintiff shall provide such medical insurance for the child as is available to her at her place of employment or through the Husky Plan if she qualifies.
5. UNREIMBURSED MEDICAL EXPENSE. The plaintiff will pay the first $100.00 of unreimbursed medical expenses. Thereafter, the parties will share the unreimbursed medical expenses pursuant to the Child Support and Arrearage Guidelines.
6. LIFE INSURANCE. The defendant shall name the minor child as the one-third beneficiary of such group life insurance as may become available to him at his place of employment. The mother shall name the minor child as one-half beneficiary of such group life insurance as may become available to her at her place of employment.
7. ALIMONY. The defendant shall pay to the plaintiff $100.00 per week in alimony for a period of three (3) years from the date of judgment. This award shall be nonmodifiable as to duration.
8. REAL PROPERTY. The defendant shall retain all of his right, title and interest to the real property located at 509 Burnside Avenue, East Hartford, Connecticut and be solely responsible for all costs and expenses related thereto.
9. PERSONAL PROPERTY DISTRIBUTION. The property in the possession of the plaintiff shall be her sole personal property and the property in the possession of the defendant shall be his sole personal property and neither shall henceforth make any claims on the property in the possession of the other. The defendant shall transfer to the plaintiff all right, title and interest in the 1996 Chevrolet Lumina that is in her possession.
10. RESPONSIBILITY FOR DEBTS. The parties shall each pay and assume responsibility for one-half of the payment of the jointly held Fleet Visa Credit Card. Each party shall pay all other debts shown on his or her own financial affidavit and hold the other harmless thereon. Each party shall pay and hold the other harmless on any other debt accrued by him or her alone subsequent to the date of separation. CT Page 15340
11. INCOME TAX DEPENDENT EXEMPTION. The plaintiff shall have the dependent exemption for the minor child in even years and the defendant shall have the dependent exemption in odd years provided that he is current with payment of child support and alimony to the plaintiff on December 31 of each odd year.
12. RESTORATION OF MAIDEN NAME. The name of the plaintiff shall be restored to Gladys Grados, by which name she shall hereafter be known and called.
John R. Caruso, J.